# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAMON FRANKLIN,                )
                               )
    Petitioner/Defendant,    )
                               )
v.                             )  Case No. 07-20112-CM
                               )           10-2135-CM
                               )
UNITED STATES OF AMERICA,      )
                               )
    Respondent/Plaintiff     )
_____)

## MEMORANDUM AND ORDER

The matter comes before the court on petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 22). Petitioner argues the motion should be granted on two grounds: (1) the court should apply *Chambers v. United States*, 129 S. Ct. 687 (2009), retroactively, finding that petitioner's conviction for escape from a halfway house is not considered to be a violent felony, and (2) the court erred in applying a seventeen-point upward departure, as recommended in the Presentence Investigation Report, sentencing petitioner to a term of thirty-seven months imprisonment (Doc. 22). The government responded, arguing that petitioner's motion is substantially similar to the first motion petitioner filed under 28 U.S.C. § 2255, and asking this court to deny petitioner's motion because it is a second or successive § 2255 motion and it is time-barred (Doc. 24). For the reasons set forth below, this court finds this motion is a second or successive § 2255 motion, and dismisses the motion because it is time-barred.

**I.  Factual and Procedural Background**

Petitioner pleaded guilty to Count 1 of the Indictment, charging petitioner with escape from custody in violation of 18 U.S.C. § 751(a). The undersigned sentenced petitioner to a term of thirty-

seven months' imprisonment.

Petitioner timely filed a Motion to Vacate under 28 U.S.C. § 2255 on February 23, 2009 (Doc. 18), which this court denied in a Memorandum and Order (Doc. 21). Petitioner filed this current Motion to Vacate under § 2255 on March 8, 2010.

## II. Legal Standard and Analysis

A second or successive motion under 28 U.S.C. § 2255 must be certified by a panel of an appeals court before it may be brought before the district court. 28 U.S.C. § 2244(b)(3). *See United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) (finding that because petitioner did not obtain leave to file the successive § 2255 motion, the district court lacked jurisdiction over petitioner's claim); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (treating petitioner's pleading as a successive § 2255 motion, and finding the district court lacked jurisdiction to deny relief).

Circuit courts have ruled on second or successive § 2255 motions differently regarding their dismissal at either the district or appellate level. *United States v. Carlos*, 954 F. Supp. 221, 224 (D. Kan. 1996) (citing *United States v. Thomas*, Nos. 93-0345-09, 96-6295, 1996 WL 583178 (E. D. Pa. Oct. 10, 1996)) (dismissing motion for lack of jurisdiction); *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996) (transferring motion to the circuit court of appeals pursuant to 28 U.S.C. § 1631)). The Tenth Circuit has followed the Second Circuit's approach. *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (instructing district court to transfer successive motion to the Tenth Circuit for authorization).

Petitioner seeks the same relief in this motion as he sought in his first § 2255 motion, and makes substantially similar arguments under *Chambers v. United States*, 129 S. Ct. 687 (2009). Therefore, this court finds his motion to be a second or successive motion pursuant to 28 U.S.C. §

2255, and because he has not sought authorization to file a second or successive § 2255, this court lacks jurisdiction to rule on this motion.

Government's counsel argues that because petitioner is time-barred from bringing this motion, filed the motion after the statute of limitations expired, transferring the motion to the Tenth Circuit would not be in the interest of justice. Whether a transfer of the second or successive § 2255 motion is in the interest of justice depends on the following factors: (1) whether the claims would be time-barred if filed in the proper forum, (2) whether the claims are meritorious, and (3) whether the claims were filed in good faith. *United States v. Whitehorse*, 354 F. App'x, 317, 318 (10th Cir. 2009) (citing *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008)). It is in the district court's discretion to determine whether a transfer is warranted when a motion fails to satisfy the successive motion standard pursuant to § 2255(h). *United States v. Prince*, No. 98-20005-1, 2010 WL 58991, at *1 (D. Kan. Jan 6, 2010) (citing *In re Cline*, 531 F.3d at 1252; *Phillips v. Seiter,* 173 F.3d 609, 610 (7th Cir. 1999) ("waste of judicial resources to require transfer of frivolous, time-barred cases")).

Petitioner's motion lacks sufficient evidence to prove that his claims are filed in good faith and are meritorious. First, this court already dismissed petitioner's first § 2255 motion on the merits, and this motion contains substantially similar case law and arguments made in the previous motion. Petitioner fails to provide newly discovered evidence or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Whitehorse v. United States*, Nos. 09-CV-273 TS, 03-CR-306 PGC, 2009 WL 1066276, at *1 (D. Utah Apr. 21, 2009) (quoting 28 U.S.C. § 2255(h)(b)); *See also Prince*, 2010 WL 58991, at *1 (finding that "an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this

Court announces a new rule of constitutional law and makes it retroactive within one year").

Finally, a pro se petitioner is held to the same standard regarding procedural requirements as all litigants. *Whitehorse*, 354 F. App'x at 318 (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Under 28 U.S.C. § 2255(f):

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is also applicable to petitioner's claims under 28 U.S.C. § 2255. *See Whitehorse*, 2009 WL 1066276, at *1.

A conviction becomes final upon the expiration of petitioner's time for filing an appeal. *United States v. Mauldin*, No. 06-3018-SAC, 2006 WL 276496, at *1 (D. Kan. Feb. 1, 2006) (citing *United States v. Burch*, 202 F.3d 1274, 1278–79 (10th Cir. 2000)). Prior to December, 1, 2009, Fed. R. App. P. 4(b)(1) required petitioner to file a notice of appeal within ten business days of the entry of judgment. Petitioner's conviction became final on March 18, 2008, ten business days after entry of judgment on March 4, 2008, the time period required for petitioner to appeal. Petitioner's statute of limitations period began running one day after, or March 19, 2008. Because Petitioner's current § 2255 was filed on March 8, 2010, well beyond the one-year statute of limitations, and because petitioner fails to provide good reason that the statute of limitations should have been tolled, petitioner's current motion is time-barred and is therefore dismissed. *Whitehorse*, 2009 WL 1066276,

-4-

at *1 (finding petitioner's successive motion was time-barred and petitioner lacked evidence to "suggest that the limitations period should be tolled.")

This court considers petitioner's current motion as a successive § 2255 motion and lacks jurisdiction to consider it on the merits. Further, this court finds that a transfer to the Tenth Circuit Court of Appeals would not be in the interest of justice, because petitioner's motion is non-meritorious and time-barred, and therefore dismisses the motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that petitioner's second Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 22) is dismissed.

Dated this 27th day of May 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**